IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Annette C. Miles, ) | C/A No. 0:20-3786-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1] ) | |
| ) | ☐ Affirmed |
| Defendant. ) | ☒ Reversed and Remanded |
| ) | |

     This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐    Supplemental Security Income ("SSI"): Plaintiff's age at filing: __

☒    Disability Insurance Benefits ("DIB"): Date last insured: December 31, 2023

☐    Other:

Application date: July 12, 2018

Plaintiff's Year of Birth: 1960

Plaintiff's alleged onset date: January 4, 2018

**Part II—Social Security Disability Generally**

     Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

     A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  July 14, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1:      Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:      ☒ Plaintiff has the following severe impairments:

[D]ysfunction of major joints; fibromyalgia; scoliosis; stenosis of spine; degenerative disc disease; osteoarthritis of the left hip; hypertension (20 CFR 404.1520(c)).

☐ Plaintiff does not have a severe impairment.

Step 3:      ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:      Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; frequent handling, fingering, reaching, and feeling; and frequent balancing, stooping, kneeling, crouching, and crawling.

☒ Plaintiff could return to his/her past relevant work as a cosmetic sales person.

Date of Appeals Council decision:  October 15, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issue for Judicial Review**

    I.    The Commissioner's decision that the plaintiff is not disabled pursuant to the Social Security Act is not supported by substantial evidence.

(Pl.'s Br. at 3, ECF No. 27 at 3.)

**Oral Argument:**

    ☐ **Held on** _____.

    ☒ **Not necessary for disposition.**

**Summary of Reasons**

Plaintiff argues that the ALJ's determination that Plaintiff retained the residual functional capacity ("RFC") to perform light work is not supported by the evidence. See 20 C.F.R. § 404.1567(b) (explaining light work jobs generally require "a good deal of walking or standing"). A claimant's RFC is "the most [a claimant] can still do despite [her] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. § 404.1545(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

The United States Court of Appeals for the Fourth Circuit has repeatedly stated that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability

finding." Lewis v. Berryhill, 858 F.3d 858, 869 (4th Cir. 2017) (quoting Denton v. Astrue, 596 F.3d 419, 425 (7th Cir. 2010)); see also Arakas v. Comm'r, 983 F.3d 83, 98 (4th Cir. 2020). Moreover, an ALJ continues to have an obligation to "include a narrative discussion describing how the evidence supports each conclusion." Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)); see also SSR 96-8p. Similarly, remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated. Mascio, 780 F.3d 636-37. The ALJ must "build an accurate and logical bridge from the evidence to his conclusions." Monroe, 826 F.3d at 189.

Plaintiff argues that the ALJ's determination that Plaintiff could perform light work is unsupported by substantial evidence, pointing to numerous records and testimony indicating complaints of hip pain, chronic pain, leg pain, back pain, notations of irregular or antalgic gait, a limp, limited range of motion of the left hip, and use of a cane. Plaintiff suggests that the ALJ cherry picked the medical records. For example, the ALJ found that Plaintiff reported improvement from conservative care in 2019. In support of this statement, the ALJ observed that

> in September 2019, the claimant reported that medications were working for about 6 hours, and that she "has not felt this good in a long time" (Exhibit 16F/21) and was 'able to get up and go and do much better than before' (Exhibit 16F/21). In October 2019, the claimant reported that her pain was well controlled (Exhibit 16F/19). In November 2019, the claimant reported that she was "happy" with her medications (Exhibit 16F/17).

(Tr. 16.) However, the September 2019 record also indicates that Plaintiff needs something for breakthrough pain and that the pain starts back after six hours. It states that Plaintiff's reported pain level was 6/10 and that Plaintiff was positive for muscle pain, back pain, tender points, muscle cramps, muscle weakness, decreased muscle strength, difficulty walking, limp, and bilateral hip pain. Plaintiff's medications included MS Contin (morphine) 15 mg, extended release every twelve hours for chronic pain and cyclobenzaprine 5mg, three times daily. (Tr. 672.) Although

Plaintiff did report in October 2019 that her pain was pretty well controlled, the doctor noted positive findings similar to those in September 2019 and that Plaintiff indicated that her pain was 5/10 but was tolerable.  (Tr. 670.)  However, in November 2019, Plaintiff reported that "[h]er pain [was] slightly worse than it has been the past month since the weather has been colder," and rated her pain level 5/10.  (Tr. 668.)  Plaintiff stated that "[o]verall she [was] happy with her medication and understands the risks and benefits of opiate-based medications."  (Id.)  Plaintiff's doctor again noted the same positive findings on examination.

Additionally, the ALJ does not appear to consider any of Plaintiff's records from 2020, which continued to indicate the same positive findings on examination.  Additionally, in January 2020 Plaintiff reported pain level of 7/10 and indicated she was having a flareup of her fibromyalgia.  Plaintiff was advised to continue home exercises and other related activities to help control her fibromyalgia.  (Tr. 666.)  In February 2020, Plaintiff reported pain levels of 8/10 with pain worse in her knees and ankles, stated all her joints were hurting, and indicated that her pain medication was only lasting eight hours instead of twelve hours.  (Tr. 663)  In April 2020, Plaintiff reported her pain level was 7/10 and that her pain was "all over."  (Tr. 660.)  Also in February 2020, an examination with her primary care provider revealed decreased range of motion and that Plaintiff was very tender to palpitation in her left hip.  The provider noted that "[t]his really has not improved in several months."  (Tr. 617.)

With regard to Plaintiff's allegations concerning her need for a cane and/or walker, the ALJ noted Plaintiff's testimony that she uses a cane and walker.  The ALJ also stated that in June 2018, an orthopedic specialist noted that Plaintiff was able to walk with a cane intermittently.  (Tr. 15.)  However, the opinion contains no findings as to these allegations other than those passing remarks.

Although the Commissioner argues that the ALJ properly weighed and considered the evidence before him, upon through review of the ALJ's decision, Plaintiff's testimony, and the records, the court is constrained to agree with Plaintiff. Although the ALJ noted numerous records supporting his findings, he appears to have omitted consideration of aspects of those records and others that support additional limitations. Thus, the ALJ's discussion is not sufficient to permit meaningful review of the decision. See Monroe, 826 F.3d at 189-90; Mascio, 780 F.3d 636-37; see also Lewis, 858 F.3d at 869 ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding.") (quoting Denton, 596 F.3d at 425). Accordingly, remand is warranted for further consideration and explanation of the ALJ's consideration of Plaintiff's complaints and ultimately how he arrived at Plaintiff's residual functional capacity. See Arakas, 983 F.3d at 95 (stating that "ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions") (quoting Monroe, 826 F.3d at 189).

To the extent that Plaintiff's Brief may be construed to raise other arguments, in light of the court's decision to remand this matter for further consideration, the court need not address any additional arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present her remaining arguments on remand.

## ORDER

**It is hereby ORDERED that the Commissioner's decision is:**

☐ **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒ **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
March 3, 2022                          Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE